**Dismissed and Opinion Filed June 16, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00691-CV

## IN RE MICHEAL CARTER, Relator

**Original Proceeding Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F90-04414-QW**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Whitehill

Relator filed this petition for writ of mandamus complaining that the proceedings in this case were erroneously conducted and requesting that the Court set aside his plea bargain, vacate his sentence and dismiss the indictment in this case.[1]   The proceedings of which relator complains concern Reginald Hall.   *See Hall v. State*, No. 05-91-00799-CR, 1993 WL 229374, at *1 (Tex. App.—Dallas June 25, 1993, no pet.).  Relator's petition notes that he was "incarcerated in TDCJ-CID under the offender name Reginald E Hall."

Relator's petition for writ of mandamus represents a collateral attack on his conviction. The only proper means of collaterally attacking a final felony conviction is by means of a

---

[1] Relator has filed a "Layman Motion" in conjunction with his petition for writ of mandamus. The Court is aware that relator is proceeding in this matter without counsel and has construed his claims liberally. Although the claims pleaded in pro se inmate petitions should be liberally construed, the same procedural standards apply to pro se parties at to other litigants. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex. 1978).

petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2014) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped the exclusive authority of court of criminal appeals to grant post-conviction relief). This Court has no jurisdiction over complaints that may only be raised by post-conviction habeas corpus proceedings brought under article 11.07. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2014). We dismiss the petition for writ of mandamus.

150691F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE